IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FRANK J. ROBBINS, SR. and**          :          No. 3:10cv1381
**MARY ROBBINS,**
                                    **Plaintiffs**     :          **(Judge Munley)**

                **v.**                       :

**DOMINION TRANSMISSION, INC.,**           :
                                    **Defendant**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Defendant Dominion Transmission
Inc.'s motion for judgment on the pleadings and request for judicial notice.
The matter has been fully briefed and is ripe for disposition.

**Background**

According to the plaintiffs' amended complaint, the background facts
are as follows:  Plaintiffs own real property located at 1432 Tower Hill
Road, Tioga, Pennsylvania.  (Doc. 14, First Am. Compl. at ¶ 4).  Defendant
is the owner and operator of several underground gas storage fields in
Tioga County, Pennsylvania.  (Id. ¶¶ 7-10).  Included in their operations are
fields known as the Meeker Field and the Tioga Field.  (Id.)  Defendant has
stored, and continues to store, natural gas in or under plaintiffs' real estate
and on the Meeker and Tioga fields which are adjacent to the plaintiffs' real
estate.  (Id. at ¶¶ 11-14).

Pennsylvania law contemplates the existence of "buffer zones"
around underground storage fields.  See 58 PENN. STAT. § 602.101 *et seq.*
Natural gas cannot be practically extracted from land within the buffer zone

of an underground gas storage field.  (Id. ¶ 18).  All or part of plaintiff's real property is located within buffer zones of defendant's underground storage facilities.  (Id. ¶ 19).  Thus, plaintiffs are prevented from entering into a commercially reasonable lease or other agreement for the exploration, extraction and collection of natural gas deposits located on their property. (Id. ¶ 20).  Additionally, the defendant's gas storage operations have led to the contamination of plaintiffs' property and groundwater supply with heavy metal contamination, including arsenic.  (Id. ¶¶ 22 - 23).

Plaintiffs instituted this action by filing a complaint on June 10, 2010 in the Court of Common Pleas of Tioga County, Pennsylvania.  (Doc. 1-2). Defendant removed the case to this court on July 6, 2010.  (Doc. 1). Plaintiff filed an amended complaint on October 4, 2010.  The amended complaint contained various federal law and state law claims.   Defendant filed a motion to dismiss, and the court dismissed all causes of action except for Count XIII a "taking" claim based upon the Pennsylvania Eminent Domain Code. (Doc. 19).

Subsequently, defendant moved for judgment on the pleadings and judicial notice.   (Doc. 32).  The parties requested that the court stay the decision on this motion because plaintiffs had filed a related case against UGI Storage and/or Utilities/Central Penn Gas ("UGI").   This case alleged basically the same causes of action against UGI that plaintiffs had asserted against defendant in the instant case.  The resolution of the UGI

case could affect the outcome of the pending motion as defendant alleged that UGI actually owned one of the gas storage fields involved in this case and is the co-owner, along with defendant, of the other field.  (Doc. 39, Stipulated Mot. To Continue Consideration ¶ 2).   The court granted the stay of the motion.  (Doc. 40).

This court  dismissed the action involving UGI on September 24, 2012. (See Robbins & Robbins v. UGI, No. 3:12cv626 (M.D. Pa. 2012), Doc. 10).  The parties then moved to lift the stay in this case, which the court granted on November 15, 2012.  (Doc. 42).  The parties then completed briefing the issues and the matter is now ripe for disposition.

**Jurisdiction**

The parties assert this court's diversity jurisdiction, 28 U.S.C. § 1332. The plaintiffs are citizens of Pennsylvania, and the defendant is a Delaware corporation with a principal place of business in Clarksburg, West Virginia.  (Doc. 1, Not. of Removal ¶¶ 3, 4).  Because we sit in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Rule 19 of the Federal Rules of Civil Procedure specifies the circumstances when joinder of a party is compulsory.  A defendant may move to dismiss a complaint for plaintiff's failure to join a party in

accordance with Rule 19. See FED. R. CIV. P. 12(b)(7). Courts considering

a motion pertaining to Rule 19 follow a multi-step inquiry. See Gen.

Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007);

Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404

(3d Cir. 1993) . The reviewing court must first determine whether the

absent party "should be joined as [a] 'necessary' part[y] under Rule 19(a)."

Gen. Refractories Co., 500 F.3d at 312. Rule 19(a) provides:

> A person who is subject to service of process and
> whose joinder will not deprive the court of
> subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord
> complete relief among existing parties; or (B) that
> person claims an interest relating to the subject of the
> action and is so situated that disposing of the action in
> the person's absence may: (i) as a practical matter
> impair or impede the person's ability to protect the
> interest; or (ii) leave an existing party subject to a
> substantial risk of incurring double, multiple, or
> otherwise inconsistent obligations because of the
> interest.

FED. R. CIV. P. 19(a).

If a "necessary" party should be joined, but "joinder is not feasible

inasmuch as it would defeat diversity of citizenship. . ." courts must next

"determine whether the absent parties are 'indispensable' under Rule

19(b)." Gen. Refractories Co., 500 F.3d at 312. There are four factors for

courts to consider in determining whether a party is "indispensable":

> (1) the extent to which a judgment rendered in the
> person's absence might prejudice that person or the
> existing parties;  (2) the extent to which any prejudice
> could be lessened or avoided by:  (A) protective

4

> provisions in the judgment; (B) shaping the relief; or
> (C) other measures;  (3) whether a judgment rendered
> in the person's absence would be adequate; and  (4)
> whether the plaintiff would have an adequate remedy if
> the action were dismissed for nonjoinder.

FED. R. CIV. P. 19(b); General Refractories Co., 500 F.3d at 320-321.

In the Third Circuit, if a non-joined party is determined to be "indispensable," the action cannot go forward.  Gen. Refractories Co., 500 F.3d at 312 (citing Janney Montgomery Scott, Inc., 11 F.3d at 404); Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1053-54 (3d Cir. 1988).

In a motion to dismiss on the pleadings, courts must "accept all factual allegations in the complaints and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiffs."  Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir. 1993).  Moreover, the burden is on the party filing the motion to prove that a non-joined party is indispensable to the adjudication of the action.  See F.D.I.C. v. Beall, 677 F. Supp 279, 283 (M.D. Pa. 1987);  Am. Home Mortgage Corp. v. First Am. Title Ins. Co., No. 07-1257, 2007 WL 3349320, at *3 (D.N.J. Nov. 9, 2007); Fed. Home Loan Mort. Corp. v. Commonwealth Land Title Ins. Co., No. 92-5255, 1993 WL 95494, at *5 (E.D. Pa. March 31, 1993).

Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(7), arguing that UGI is a necessary and indispensable party.  UGI cannot be joined because that would destroy this

court's diversity jurisdiction, and thus, this case must be dismissed.

**Discussion**

First, defendant seeks to have the court take judicial notice of certain documents to establish that UGI is the owner and/or co-owner of the Meeker Field and the Tioga Field. In their brief in opposition to defendant's motion, the plaintiffs agree that UGI is in fact the owner of the Meeker Field and the co-owner, with defendant, of the Tioga Field. Specifically, plaintiffs state: "Plaintiffs hereby acknowledge that Defendant does not own the Meeker field, and that Plaintiffs stand corrected on that initial claim. Plaintiffs also hereby acknowledge that UGI is a co-owner of the Tioga Storage Field (and Plaintiffs never claimed otherwise). Plaintiff's [sic] acknowledgements [sic] make Defendant's request for judicial notice to verify that information moot . . . ." (Doc. 43-1, Pls.' Opp'n Br. at 7). Accordingly, we will proceed on the basis that UGI owns the Meeker Field and UGI jointly owns the Tioga Field with defendant.

As set forth above in the "Standard of review" section. We must determine if UGI is a necessary party and if so, whether joinder of UGI is feasible. If joinder is not feasible then we must determine whether UGI is an "indispensable" party. We will discuss these issues separately.

**A. Necessary**

Rule 19(a)(1) provides the framework for us to determine whether UGI is a necessary party. This rule provides that a party is necessary if:

6

> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impeded the person's ability to protect the interest; or
> > (ii) leave an existing party subject o a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

All of the clauses in this section are separated by the disjunctive "or" and thus if any of these apply to UGI then it is a necessary party. <u>Gen. Refractories Co.</u>, 500 F.3d 306 at 312.  In the instant case, we find that UGI is a necessary party.  Without UGI's participation in this case, the court will not be able to "accord complete relief" between the existing parties.  Plaintiffs seek damages for a taking.  Two entities may be liable for this taking.  They are the defendant and UGI.  UGI is not a party, therefore, plaintiffs' cannot be accorded complete relief should they prevail in this action.

## B. Feasibility of joinder

As we have found UGI to be a necessary party, we must next determine if joinder is feasible.  <u>Gen. Refractories Co.</u>, 500 F.3d at 312.  If the court's jurisdiction is based upon diversity of citizenship, joinder of the absent party is not feasible if it would defeat diversity of citizenship.  <u>Id.</u> Here, jurisdiction is based on diversity of citizenship.  (Doc. 1, Not. of

Removal ¶ 2).  The plaintiffs are citizens of Pennsylvania and the defendant is a citizen of Delaware and West Virginia.  UGI is a citizen of Pennsylvania having its principal place of business in Reading, Pennsylvania.  (Doc. 33-1, Compl. from Civ. A. No. 1224 CV 2009 (Court of Com. Pleas, Tioga Cnty. Pa.) at ¶ 2).  Thus, joinder is not feasible because joining UGI would defeat diversity of citizenship.

## C.  Indispensable

As we have found that UGI is a necessary party whose joinder is not feasible, we must next determine whether UGI is an indispensable party. Gen. Refractories Co., 500 F.3d at 312.   Courts consider four factors to determine whether a party is "indispensable":

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. R. CIV. P. 19(b).

We must analyze these factors to determine whether "in equity and good conscience, the action should proceed" between the plaintiff and defendant.  Id.  With regard to the first factor, UGI will certainly be prejudiced if the court determines that plaintiffs are entitled to damages for

8

a taking with regard to the gas storage on the Meeker and Tioga fields because of their ownership interest in the fields.  Thus, this factor weighs in favor of finding UGI indispensable.

The court could possibly limit the prejudice by attempting to shape the relief, that is, mold it to reflect only the portion of the taking that Defendant Dominion is liable for, if any.  If the court proceeded in that manner, however, the judgment rendered in UGI's absence would not be adequate for complete relief to the plaintiffs.  Therefore, these factors also weigh in favor of finding UGI indispensable.

The final factor is whether the plaintiffs would have an adequate remedy if the action were dismissed for nonjoinder.  This factor weighs in favor of granting the motion.  Defendant asks for dismissal, however, as this is a removed case, we can remand it to state court instead of dismissing it outright.  <u>Thomas Crompton & Margaret Crompton v. Southland Corp.</u>, No. 86-5521, 1987 WL 8537 *2 (E.D. Pa. Mar. 27, 1987) (remanding a case under Rule 19 instead of dismissing it); 28 U.S.C. § 1446 (indicating generally that the court may remand a removed action where plaintiff seeks to join an additional defendant if such joinder would destroy jurisdiction).  Thus, as the case will not be dismissed, plaintiffs may continue to pursue their claim.

A weighing of all the factors indicate that defendant's motion should be granted to the extent that this case should be remanded to state court.

9

Moreover, plaintiff has already filed an action against UGI in state court for a taking regarding these fields. (Doc. 33-1, Compl. from Civ. A. No. 1224 CV 2009 (Court of Com. Pleas, Tioga Cnty. Pa). Perhaps, the parties if they desire, could consolidate this case with the UGI case in state court. We lack jurisdiction, however, to do more than remand this case and suggest to the parties that they may seek to consolidate the two cases at the state court level.

**Conclusion**

For the reasons set forth above, we find that UGI is a necessary party who it is not feasible to join. Further, UGI is an indispensable party. We will not dismiss this action, however, but we will remand it to the Court of Common Pleas of Tioga County. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK J. ROBBINS, SR. and** | : | No. 3:10cv1381 |
| **MARY ROBBINS,** | : | |
| **Plaintiffs** | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **DOMINION TRANSMISSION, INC.,** | : | |
| **Defendant** | : | |

# ORDER

   **AND NOW**, to wit, this 13th day of May 2013, it is hereby **ORDERED** that defendant's motion for judgment on the pleadings (Doc. 32) is hereby **GRANTED** to the extent that this case will be remanded to state court. Accordingly, the Clerk of Court is directed to remand this case to the Court of Common Pleas of Tioga County, Pennsylvania, and to close the case in this court.

                                   **BY THE COURT:**

                                   **s/ James M. Munley**
                                   **JUDGE JAMES M. MUNLEY**
                                   **United States District Court**